UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                    Petitioner,          )<br>    vs.                                        )<br>                                                  )<br>THEODORE LEE,                       )<br>                                                  )<br>                    Respondent.      )<br>_____) | Case No.: 2:12-cv-01994-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration (ECF No. 63) filed by Respondent Theodore Lee ("Respondent"), seeking to reverse this Court's Order (ECF No. 61) dismissing the present action. Petitioner the United States of America ("Petitioner") filed a Response (ECF No. 65) and Respondent filed a Reply (ECF No. 66). For the reasons addressed below, Respondent's Motion for Reconsideration is **DENIED**.

## I.     BACKGROUND

On November 16, 2012, Petitioner initiated the present action seeking to enforce an IRS summons. (Petition, ECF No. 1). Specifically, Petitioner sought an order compelling Respondent to provide records and testimony relating to several bank accounts and the formation of foreign companies holding some of these accounts as part of an audit of Respondent's 2006 U.S. Individual Income Tax Return. (*Id.*). A show cause hearing was subsequently set for February 19, 2013. (Not. of Hearing, ECF No. 4).

Over the next year, however, Respondent began producing large numbers of documents in response to the summons. (Stips. to Continue, ECF No. 6, 10, 13, 15, 17, 20). As a result, the show cause hearing was repeatedly continued and Respondent was granted several extensions of time to file his initial Answer. (Extension Orders, ECF Nos. 7, 11, 14, 16, 18–19,

21). Respondent eventually filed his Answer on November 12, 2013, asserting as affirmative defenses that this Court lacks subject matter jurisdiction and that the case is now moot because he has complied with IRS summons and provided the sought materials. (Answer Aff. Defenses ¶¶ 1–2, ECF No. 23); *see also* (Respondent's Memo. In Supp. of Answer 9:7–10, ECF No. 24) ("Lee appeared for the Summons and has been cooperating pursuant to the Summons and the FDR. Lee is in Compliance with the Summons and there is nothing to be enforced. Consequently, there is no subject matter jurisdiction and the civil action should be dismissed.") (citations omitted). At the time of the Answer, however, Petitioner asserted that it still considered some documents and testimony sought under the summons to be outstanding. (Reply in Supp. of Petition 7:5–12:11, ECF No. 31). Accordingly, a Hearing on the Petition to Enforce Summons was set for February 11, 2014. (Not. of Hearing, ECF No. 36).

Shortly before the hearing date, however, the parties filed a Stipulation, asking to vacate the hearing because "Petitioner has agreed to dismiss this action," and "[t]he parties are in the process of drafting acceptable language for the dismissal documents. . . ." (Stip. to Vacate, ECF No. 39). The Court, granted the stipulation, vacated the show cause hearing, and ordered the parties to file a joint status report by February 28, 2014 if no dismissal documents were filed by that date. (Order on Stip., ECF No. 41). On February 27, 2014, the parties filed a Joint Status Report stating that "the parties have worked to negotiate language of a stipulation that will resolve the matter, but require one additional week to do so." (Joint Status Report, ECF No. 41).

Instead of filing a stipulation to dismiss, however, Petitioner filed a Motion to Dismiss on March 6, 2014, asserting that "Respondent has complied with the IRS summons and therefore the United States no longer seeks any relief from this Court but Respondent has refused to stipulate to dismiss this action and therefore caused the necessity of the filing of this motion." (MTD, ECF No. 42). Respondent then filed a Response to the Motion to Dismiss on March 24, 2014—one day after the deadline to object to the motion—asserting for the first time that some of his

affirmative defenses also constitute counterclaims of abuse of process and violations of his civil rights; therefore, this case should not dismissed. (Resp. to MTD 1:23–3:12, ECF No. 48).  The Court reviewed the motion and Respondent's opposition, and on November 20, 2014, granted the motion and dismissed the case. (Order on MTD, ECF No. 61).  Respondent subsequently filed the present Motion for Reconsideration, seeking reconsideration of the Court's dismissal pursuant to Federal Rules of Civil Procedure 59 and 60.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59 governs motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *See School Dist. No. 1J*, 5 F.3d at 1263.

### III. DISCUSSION

In his motion, Respondent contends that the Court is presented with new evidence or that the Court committed a clear error that is manifestly unjust. (Mot. for Reconsideration 1:23–2:7, ECF No. 63). Specifically, he asserts that although he complied with the IRS summons and provided all of the requested information, he did so under protest and did not waive his right to challenge the enforcement of the IRS summons. (*Id.* 4:7–6:9). He also asserts that the Court "overlooked" the other case between the parties currently pending before this Court that has unresolved issues regarding the document discovery at issue here.[1] (*Id.* 7:8–11:37). Accordingly, the Court committed clear error in finding that the current case and controversy was moot. (*Id.*).

However, both of Respondent's arguments to reconsider this Court's finding that this case is moot fail to present any newly discovered evidence or show a clear error. Indeed, these arguments are merely a restatement of some of Respondent's failed arguments from his Response to the Motion to Dismiss. *See* (Resp. to MTD 3:15–5:8, 6:21–12:9, ECF No. 48). The Court rejects them again.

Because of the process of enforcing and challenging an IRS summons, when Respondent voluntarily complied with the IRS summons, he waived his right to challenge the summons and rendered this case moot. IRS summons are not self-enforcing and require federal court actions to compel compliance. *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1344 (9th Cir. 1983). Furthermore, Respondent was entitled to initiate an adversary proceeding to challenge the IRS summons on any appropriate ground. *See United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014) ("The taxpayer, however, has an opportunity to challenge that affidavit, and to urge the court to quash the summons 'on any appropriate ground'—including, as relevant here, improper

---

[1] The other pending case, *Lee v. United States*, Case No. 2:13-cv-00483-JAD-PAL, was originally initiated by Respondent in the Northern District of California and subsequently transferred to the District of Nevada. In that case, Respondent sought to quash a Formal Document Request by the United States covering the same document production sought in the IRS summons. (Am. Comp. ¶¶ 13–14, 2:13-cv-00483, Dkt. #3).

purpose."). Only a refusal to comply with an order of the district court subjects a taxpayer to contempt proceedings. *Donaldson v. United States*, 400 U.S. 517, 528–29 (1971). Accordingly, Respondent did not have to comply with the IRS summons until he had challenged it in an adversarial proceeding before this Court, but instead, he chose to voluntarily provide the documents and testimony requested by the summons. *See Zimmer v. Connett*, 640 F.2d 208, 209 (9th Cir. 1981) ("As taxpayer need not surrender his records prior to judgment in the enforcement proceeding, he suffers no damage before having an opportunity to assert his defenses."). He therefore waived his right to challenge the summons, and his later claim that he somehow did raise this challenge as counterclaims imbedded in his affirmative defenses is without merit. *Cf. Hauk v. J.P. Morgan Chase Bank USA*, 552 F.3d 1114, 1119 (9th Cir. 2009) ("Waiver is the voluntary relinquishment of a known right."). Likewise, Respondent's action to quash a Formal Document Request in his other case before this Court does not change the fact that he voluntarily complied with the IRS summons here and waived his opportunity to challenge the summons. *See* (Report and Recommendation 13:16–18:5, 2:13-cv-00483, Dkt. #73) (recommending dismissal of the action to quash because he voluntarily complied with both the IRS summons and the Formal Document Request). As a result, Respondent's voluntary compliance with the IRS summons moots this case and necessitates dismissal.[2]

---

[2] Respondent relies heavily on *Church of Scientology v. United States*, 506 U.S. 9 (1992), for the proposition that a case is not moot after a taxpayer complies with an IRS summons because the court can provide relief through exclusion of evidence, or order the return or destruction of evidence. In *Church of Scientology*, the church appealed a district court's order enforcing an IRS summons, but while the appeal was pending in the Ninth Circuit, copies of the sought materials were delivered to the IRS. *Id.* at 10–11. The Ninth Circuit then ordered the church to show cause why its appeal should not be dismissed as moot and later dismissed the appeal. *Id.* at 11–12. The Supreme Court reversed the Ninth Circuit holding, declaring the case was not moot because "*a district court order* enforcing an IRS summons is an appealable final order." *Id.* at 18 (emphasis added). Similarly, in *United States v. Tanoue*, 94 F.3d 1342, 1344 (9th Cir. 1996), the Ninth Circuit held that an employee's compliance with a district court order compelling him to provide handwriting exemplars during an IRS investigation of his employer did not render his appeal moot. Here, however, Respondent chose to provide the requested material prior to any court order compelling him to provide that material. Therefore, the holding in *Church of Scientology* is not applicable in this case.

Respondent has failed to present new evidence or show that the Court committed clear error in its prior order. Accordingly, he has failed to satisfy the standard for a motion for reconsideration under the Federal Rules of Civil Procedure.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Respondent's Motion for Reconsideration (ECF No. 63) is **DENIED**.

**DATED** this 23rd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge